IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. TDC-22-180 |
| | * | |
| NIJEA NICOLE RICH, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ******* | | |

**RESPONSE OF THE UNITED STATES IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS SUPERSEDING INDICTMENT**

The United States, through undersigned counsel, hereby submits this response in opposition to Defendant Nijea Nicole Rich's *Motion to Dismiss Superseding Indictment*. ECF No. 139. In her motion, the Defendant argues that the Superseding Indictment should be dismissed because Counts One and Two are duplicitous. The Court should deny the motion because the conspiracy charge properly pleads a multi-object conspiracy, the defendant has not shown prejudice, and the Court can address any duplicity concerns by giving the government an opportunity to select a basis on which to proceed at trial and appropriate jury instructions. Moreover, the government intends to obtain a Second Superseding Indictment on or about April 10, 2024, which it expects will moot the Defendant's arguments.

**THE SUPERSEDING INDICTMENT**

On or about October 5, 2022, a grand jury sitting in the District of Maryland returned a three-count Superseding Indictment charging the Defendant and her co-conspirator Antione Tuckson for their participation in a conspiracy to impersonate Deputy United States Marshals (the "Indictment"). ECF No. 63. The Indictment alleges the Defendant and Mr. Tuckson impersonated federal law enforcement, in part, to secure employment as armed security guards

1

and deceive others into believing they had federal law enforcement authority.  *See* Indictment ECF No. 63, ¶ 7.c.

Count One charges the Defendant with conspiracy to impersonate an officer or employee of the United States, in violation of 18 U.S.C. § 371, from in or around June 2021, through on or about March 7, 2022.  *Id*.  Count One charges the Defendant with conspiring to violate both prongs of the federal impersonation statute, *i.e.*, (1) falsely assuming and pretending to be an officer and employee of the United States and acting as such; and (2) in such pretended character, demanding or obtaining any money, paper, document, and thing of value.  *Id*.  The charging language for the object of the conspiracy tracks the language in the federal impersonation statute.  *See* 18 U.S.C. § 912.  Count One also charges various manner and means of the conspiracy and five overt acts in furtherance of the conspiracy.  Indictment, ECF No. 63, ¶¶ 6-7.

Count 2 of the Indictment charges the Defendant and Mr. Tuckson with a substantive count of impersonation and aiding and abetting an impersonation, in violation of 18 U.S.C. § 912 and 18 U.S.C. § 2.  *Id*.  Count 2 charges the Defendant and Mr. Tuckson with falsely identifying themselves as Deputy United States Marshals to Prince George's County Police and an employee of the Prince George's County Animal Services Division while Mr. Tuckson was working as an armed security guard at a local restaurant on or about March 6, 2022.  As with the object portion of the conspiracy charge, the charging language of Count Two tracks the statutory language of 18 U.S.C. § 912, alleging the Defendant and Mr. Tuckson falsely pretended and acted as officers and employees of the United States, and in such pretended character, demanded and obtained any money, paper, document, and thing of value.  *Id*.  Count Two specifically alleges that the

Defendants held themselves out to be and identified themselves as Deputy United States Marshals.[1]  *Id*.

## LEGAL BACKGROUND

"An indictment is duplicitous if it 'charges two offenses in one count.'"  *United States v. Burfoot*, 899 F.3d 326, 337 (4th Cir. 2018) (quoting *United States v. Robinson*, 855 F.3d 265, 269 (4th Cir. 2017)).  A single, multi-object conspiracy is not duplicitous.  *Ctr. v. United States*, 96 F.2d 127, 130 (4th Cir. 1938) ("A single count in an indictment for conspiring to commit two substantive offenses is not bad for duplicity.") (citations omitted); *United States v. Miller*, 41 F.4th 302, 313 ("It is well established that '[t]he allegation in a single count of conspiracy to commit several crimes is not duplicitous, for [t]he conspiracy is the crime, and that is one, however diverse its objects.'") (citations omitted).

Although the federal impersonation statute contains two separate offenses, *see, e.g., United States v. Leggett*, 312 F.2d 566, 568 (4th Cir. 1962), "the duplicity . . . is of a technical semantic nature."  *United States v. Kimberlin*, 781 F.2d 1247, 1251 (7th Cir. 1985) ("We have difficulty in seeing how an impersonator can demand or obtain (offense 2) without simultaneously acting (offense 1).").

A violation of the prohibition on duplicity is generally not fatal to an indictment.  *See United States v. Damrah*, 412 F.3d 618, 623 (6th Cir. 2005).  Even if a count is duplicitous, "it 'is not to be dismissed unless it causes prejudice to the defendant.'"  *United States v. Burfoot*, 899 F.3d 326, 337 (4th Cir. 2018) (citations omitted).  The government may correct a duplicitous indictment by electing the basis upon which it will continue or with a corrective jury instruction.

---

[1] Defendant Rich is not charged in Count 3 of the Indictment, which charged Antione Tuckson with unlawful possession of a firearm.  On or about March 22, 2023, Antione Tuckson pleaded guilty to the Indictment and is currently serving his sentence.  *See* ECF Nos. 92, 116.

*See, e.g., United States v. Shumpert Hood*, 210 F.3d 660, 663 (6th Cir. 2000); *United States v. Robinson*, 627 F.3d 941, 958 (4th Cir. 2010) (citations omitted) ("It is black letter law that duplicitous indictments can be cured through appropriate jury instructions."); *United States v. Kimberlin*, 781 F.2d 1247, 1251 (7th Cir. 1985) ("the district court's jury instructions clearly limited the jury's inquiry to the elements constituting a violation of offense two. Therefore, although the counts complained of were technically duplicitous, the record clearly establishes that Kimberlin was convicted of offense 2 *under* § 912.") (emphasis in original).

## ARGUMENT

The Court should deny the Defendant's motion for several reasons. First, Count One, which charges the Defendant with conspiring to impersonate a federal officer can be fairly read as a multi-object conspiracy, *i.e.*, it charges the defendant with conspiring to violate both offenses under 18 U.S.C. § 912. The Indictment properly charges "one alleged overarching conspiracy" involving the same Defendants and the same course of conduct. *See Miller*, 41 F.4th at 313. Such a conspiracy is not duplicitous. *See Ctr. v. United States*, 96 F.2d at 130; *Dowdy v. United States*, 46 F.2d 417, 420 (4th Cir. 1931) ("The gist of the offense is the conspiracy, and it is single, though its object is to commit a number of crimes.") (citations omitted).

Second, even if one of the charges is duplicitous, the Defendant has not shown prejudice. Indeed, the Defendant is benefiting from the government charging a single count of unlawful impersonation. *See United States v. Kamalu*, 298 F. App'x 251, 254–55 (4th Cir. 2008) (noting that defendant "benefitted from the aggregation because each discrete count would have been amenable to a separate sentence upon conviction").

Third, the Court can address any duplicity concerns by giving the government an opportunity to select a basis on which to proceed at trial and providing appropriate instructions to

the jury to avoid confusion or an improper verdict.  *See Robinson*, 627 F.3d at 958; *Shumpert Hood*, 210 F.3d at 663.  Moreover, the government intends to obtain a Second Superseding Indictment on or about April 10, 2024.  The government expects and intends for the Second Superseding Indictment to moot the Defendant's arguments.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the Defendant's motion to dismiss the Indictment.

    Respectfully submitted,

    Erek L. Barron
    United States Attorney

    /s/
    Peter L. Cooch
    Special Assistant United States Attorney

    Timothy F. Hagan, Jr.
    Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing was electronically filed on April 2, 2024, with notice to all counsel of record through the Court's electronic filing system.

                                                    /s/
                                      Peter L. Cooch